## EMILY NOLAN CATRONE
vs.
## MUTUAL SYSTEM OF NEW HAVEN, INC.

Superior Court      New Haven County      File #48592

Present:   Hon. EARNEST C. SIMPSON, Judge.

Ephraim E. Sinn,                    Attorney for the Plaintiff.

Pullman & Comley,                  Attorneys for the Defendant.

### MEMORANDUM FILED JANUARY 25, 1937.

SIMPSON, J.   The plaintiff, by her amended complaint, alleged that the defendant is duly licensed under the Small Loan Act to do business in this State and that, on February 8, 1935, she executed a promisory note to defendant for $160.00 payable in monthly installments of $8.00 each, with interest at 3 %.   The defendant admits these allegations. The plaintiff further alleges that "only $42.90 was actually lent to the plaintiff" and asks that the note be cancelled as not complying with the Small Loan Act.

Her allegation that only $42.90 was actually lent to her is, on her own testimony, obviously not true.   At the time the note in question was executed the plaintiff was indebted to defendant in the sum of $88.00 on a prior note.   When the present note was negotiated the plaintiff represented to defendant's agent that she needed a further loan to pay some bills and it was agreed that the old note be cancelled and the $88.00 be added to whatever sum plaintiff borrowed and that the note be given for this total sum.   The plaintiff asked for $72.00 making the new note $160.00 which was duly executed and signed by the plaintiff.   The plaintiff states that she received $42.90 of this sum but I am of the opinion that the actual amount of cash turned over to her at her house, where

she was ill at the time, was $41.90. The question then is did she receive the $30.10, or difference between $41.90 and $72.00. The loan was requested by the plaintiff on January 8, 1935, but was not finally closed until February 8, 1935. When it was finally closed the $41.90 was taken to plaintiff by the co-maker or one of defendant's agents. At the same time a receipt was given her for $31.10 for the payment of a bill she owed the Edw. Malley Co. Some time prior to January 8 the Malley Co. was pressing plaintiff for the payment of her account, and when she applied for a loan from defendant on January 8, 1935, she told defendant's agent she wanted the money to pay some bills among which she mentioned the Malley Co. bill. She admits that the agent told her at that time he would "take care" of the Malley Co. bill, to which she assented. The payment to the Malley Co. of $30.10 with her consent is as much a payment to her as if the money had been paid to her personally.

Judgment is therefore rendered for the defendant.

---

## MEMORANDUM OF DECISION ON MOTION FOR EXTENSION OF TIME TO APPEAL

Where the court is satisfied that a proposed appeal is merely for the purpose of delay, no extension of time to appeal will be granted.

### MEMORANDUM FILED FEBRUARY 24, 1937.

SIMPSON, J. The plaintiff was granted an extension of ten days from February 4th to file an appeal. This was not done. Now she seeks a further extension.

The Court is convinced the proposed appeal is merely for the purpose of delay. Besides no principle of law is involved. The amount involved is also small ($120) and it would be much better for plaintiff to apply what she may have toward the payment of what she justly owes the defendant than to indulge in the luxury of an appeal.

The motion to grant a further extension of time to effect the appeal is therefore denied.